IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THOMAS A. O'NEILL; HABITAT INSTITUTE | Civ. No. 6:22-cv-01789-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| UNITED STATES ARMY CORPS OF ENGINEERS, *et al.*, | |
| Defendants. | |

AIKEN, District Judge.

*Pro Se* Plaintiffs Thomas A. O'Neill and Habitat Institute seek leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the IFP Application is DENIED with leave to refile and Plaintiffs' Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiffs shall have thirty (30) days in which to file an amended complaint.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiffs in this case are Thomas A. O'Neill, appearing pro se, and Habitat Institute. As noted, in assessing an application to proceed IFP, the Court must make two determinations. The first concerns the applicant's claim of indigency. Here, Plaintiffs have submitted an IFP application on behalf of Habitat Institute, but not on behalf of O'Neill. The application indicates that Habitat Institute has $14,740 in its bank account, which is more than sufficient to pay the filing fee and associated costs. Consequently, the Court DENIES the application to proceed IFP as to Habitat Institute. For the reasons discussed below, however, Habitat Institute may not appear pro se, nor may it be represented by another pro se party. There is no information provided in the application concerning O'Neill's resources and so the Court is unable to assess any claim of indigency made by O'Neill. O'Neill may refile an IFP application on his own behalf, should he wish to proceed IFP in this action, or he may pay the filing fee if he does not wish to proceed IFP.

Turning to the merits of the claim, the Court must address the fact that O'Neill is appearing pro se and apparently also in a representative capacity for Habitat Institute. The Complaint indicates that O'Neill is the founder of Habitat Institute

and the holder of patents associated with Habitat Institute's work, but there is no indication that O'Neill is a licensed attorney.

O'Neill is, of course, free to represent himself in this action. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). O'Neill may not, however, represent Habitat Institute. "Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him," and he "has no right to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (internal citations omitted). Furthermore, it "is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (internal quotation marks and citations omitted, alterations normalized); *see also* Local Rule 83-9(b) ("Unless otherwise specifically authorized by law or Court order, a corporation may appeal or act only through an attorney."). This rule "applies even if the individual seeking to represent the corporation is the president and sole shareholder of the corporation." *Nesselrode, LLC v. Measure*, No. CV 07-49-M-DWM-JCL, 2007 WL 2398820, at *2 (D. Mont. Aug. 14, 2007).

If Habitat Institute wishes to maintain this action, it must do so through a licensed attorney. The Court will therefore dismiss this action with leave to refile after Habitat Institute has secured competent representation.

If O'Neill wishes to pursue this action pro se, he may file an amended complaint presenting claims brought on his own behalf and without those claims brought by Habitat Institute. In addition, if O'Neill wishes to pursue this case on his own behalf, he should either submit an IFP application or pay the filing fee.

## CONCLUSION

For the reasons set forth above, Plaintiffs' IFP Application, ECF No. 2, is DENIED with leave to refile. Plaintiffs' Complaint is DISMISSED with leave to amend. Plaintiffs shall have thirty (30) days in which to file the amended complaint. Plaintiffs are advised that failure to file an amended complaint within the allotted time will result in a judgment of dismissal without further notice.

It is so ORDERED and DATED this   7th   day of February 2023.

      /s/Ann Aiken
ANN AIKEN
United States District Judge