IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

THOMAS A. O'NEILL;
KATHLEEN H. O'NEILL,

Plaintiffs,

v.

UNITED STATES ARMY CORPS
OF ENGINEERS, *et al.*,

Defendants.

Civ. No. 6:22-cv-01789-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendants. ECF No. 32. Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), (5), and (6). This Court concludes that this matter is appropriate for resolution without oral argument. For the reasons set forth below, the motion is GRANTED and this case is DISMISSED.

## LEGAL STANDARDS

### I. Rule 12(b)(1)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his or her claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]" (internal quotation omitted)).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994). A motion to dismiss based on sovereign immunity is a motion to dismiss for lack of subject matter jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

**II. Rule 12(b)(3)**

In a Rule 12(b)(3) motion to dismiss, parties may assert the defense of improper venue by motion prior to filing a responsive pleading. Fed. R. Civ. P. 12(b)(3). "Rule 12(b)(3) allow[s for] dismissal only when venue is 'wrong' or 'improper.'" *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013).

Venue is proper in "(1) a judicial district in which any defendant resides, . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §

1391(b). "When the plaintiff asserts multiple claims, it must establish that venue is proper as to each claim." *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp.3d 1178, 1183 (N.D. Cal. 2014) "However, where venue exists for the principal claim, federal courts will also adjudicate closely related claims, even if there is no independent source of venue for the related claims." *Id.*

On a motion to dismiss pursuant to Rule 12(b)(3), "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (internal quotation marks omitted). "Dismissal, rather than transfer, may be appropriate where the transfer would be futile because the case would be dismissed even after transfer." *Kaia Food, Inc.*, 70 F. Supp.3d at 1184.

**III. Rule 12(b)(5)**

Rule 12(b)(5) allows a defendant to move to dismiss the action where the service of process of a summons and complaint is insufficient. Fed. R. Civ. P. 12(b)(5). "It is plaintiff's burden to establish the validity of service of process." *Roller v. Herrera*, No. 3:18-CV-00057-HZ, 2018 WL 2946395, at *2 (D. Or. June 11, 2018) (*citing Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)). "The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Id.*

If service is ineffective, the court may dismiss the action or quash service. "The choice between dismissal and quashing service of process is in the district court's discretion." *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

**IV. Rule 12(b)(6)**

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## BACKGROUND

Plaintiff Thomas O'Neill[1] is the owner of U.S. Patent No. 7,681,531 (the "'531 Patent,"). Second Am. Comp. 6. ("SAC"). ECF No. 9.[2] The '531 Patent covers the System for Assessing Habitat Value, also known as the Combined Habitat

[1] Plaintiff seeks to add a second Plaintiff, Kathleen O'Neill, and Ms. O'Neill's name has been added to the caption of the case. But for the reasons discussed below, that amendment is ineffective and so all references to "Plaintiff" in this opinion are in the singular and refer to Thomas O'Neill. Additionally, Plaintiff spells his name inconsistently in his filings, varying between "O'Neill" and "O'Neil." "O'Neill" appears more frequently and so the Court will use that spelling in this Order.

[2] The operative pleading, ECF No. 9, is captioned "Second Amended Complaint," although it is the first amended pleading filed by Plaintiff after the original Complaint, ECF No. 1. To avoid confusion, the Court will refer to the document as it is named in its caption with the abbreviation SAC. The SAC does not have numbered paragraphs and so the Court will provide citations to the page number.

Assessment Protocols, or "CHAP." SAC 6. "CHAP is an analytical tool that is used to conduct habitat assessments, which serve to quantify restoration benefits that inform the cost-effectiveness and cost-benefit analyses, and that contribute to the comparison of alternative project plans, which affect native species, their habitats, and biodiversity at a project site or area." SAC 8.

CHAP has been used by Defendant U.S. Army Corps of Engineers ("USACE") in a number of projects on a single-use basis but USACE has not certified CHAP for regional use. SAC 10-11. CHAP was considered for regional certification by USACE but during review it was found in a memorandum that

> CHAP utilizes patented and other proprietary technology, including the Integrated Biodiversity Information System (IBIS) database. The memorandum notes that "The ability to provide full disclosure of the information used for ecological planning decisions is a criteria for model approval/certification to ensure and maximize the quality, objectivity, utility, and integrity of information disseminated by the Corps. Additionally, all analyses and data are required to be transparent to facilitate internal and external review for reasonableness of the benefits and costs used in decision-making and enable efficient environmental planning processes." That is, that overcoming access issues was a necessary precursor to Regional Certification of CHAP.

SAC Ex. C3, at 2. ECF No. 9-1.

Plaintiff was informed by letter in January 2020 that USACE would not be pursuing regional certification of CHAP. SAC Ex. C3, at 3.

Plaintiff, proceeding *pro se*, originally brought this action on behalf of the Habitat Institute ("THI") and sought leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. The Court denied the IFP petition and dismissed the original Complaint *sua sponte* because Plaintiff, as a non-lawyer, was not permitted to represent THI in

a legal action and THI, as a corporate entity, was required to appear by counsel. ECF No. 6. Plaintiff subsequently refiled the action in his own name and opted to pay the filing fee rather than seek leave to proceed IFP.

## DISCUSSION

Plaintiffs bring claims for (1) violation of the Administrative Procedures Act ("APA") seeking to compel agency action; (2) negligence; (3) breach of contract; and (4) patent infringement.

In his first claim, Plaintiff seeks to compel the USACE to complete a certification of CHAP for regional use. SAC 12-13. In his second claim, Plaintiff alleges that Defendants have negligently applied improper scientific review in declining to certify CHAP for regional use. SAC 15. In his third claim, Plaintiff alleges that Defendants breached oral and written agreements. SAC 18-20. Plaintiff's fourth claim alleges that Defendants have infringed on the '531 Patent. SAC 20. Plaintiff has also filed an "Amendment to Complaint" that seeks to add an additional plaintiff and a claim for "Conspiracy to Defraud the United States." ECF No. 31.

### I. "Amendment to the Complaint"

As a preliminary matter, the Court must address Plaintiff's "Amendment to the Complaint." ECF No. 31. In this filing, Plaintiff seeks to add Kathleen O'Neill as a second plaintiff and to add a claim for "Conspiracy to Defraud the United States and Its Agencies."

It appears that this filing was intended to modify the operative SAC. So construed, the "Amendment to the Complaint" is not proper. An amended complaint "may not incorporate by reference any party of the prior pleadings, including exhibits." Local Rule ("LR") 15-1(a)(3); *see also Johnson v. Federal Bureau of Prisons*, Case No. 3:15-CV-0581-AC, 2016 WL 8345464, at *5 (D. Or. July 27, 2016) (explaining that an amended complaint operates as a "complete substitute" for the original complaint and that the Local Rules for the District of Oregon require a plaintiff to "reproduce the entire pleading and not incorporate prior versions by reference.").

In addition, as the Government points out in its briefs, Plaintiff has already amended his pleadings once before. *See* ECF No. 1 (original Complaint); ECF No. 9 (the operative "Second Amended Complaint."). Federal Rule of Civil Procedure 15(a) provides that a plaintiff may "amend its pleadings *once* as a matter of course" and that "[i]n all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2) (emphasis added). The Government affirms that it did not give written leave for the filing of another amended complaint and Plaintiff has not requested or received leave of the Court to make an amendment.

However, even if the Court were to accept the "Amendment to the Complaint" as a supplemental pleading, the new claim it seeks to add would be subject to dismissal. Plaintiff seeks to add a claim against Defendants under 18 U.S.C. § 371, which is a criminal statute concerning conspiracy to defraud the United States. Generally, "private citizens are not permitted to enforce criminal statutes or

prosecute crime." *Keyter v. 240 Government Officers*, 372 F. Supp.2d 604, 610 (W.D. Wash. 2005). This general rule applies to 18 U.S.C. § 371 specifically. *See Newman v. Caliber Home Loans, Inc.*, Case No. 16-CV-2053-JLS (NLS), 2018 WL 3361442, at *1 (S.D. Cal. July 10, 2018) (holding that 18 U.S.C. § 371 "is a criminal statute and does not provide a private right of action."); *Li Qin v. Brown*, Case No. 19-cv-00311-SVK, 2019 WL 11343485, at *5 (N.D. Cal. Feb. 7, 2019) (holding same). To the extent that Plaintiff seeks criminal penalties or the enforcement of a criminal statue, he is likewise unable to do so as a private citizen. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Tia v. Criminal Investigation Demanded as Set Forth*, 441 Fed. App'x 457, 458 (9th Cir. 2011) (a private party plaintiff "lacks standing to compel an investigation or prosecution of another person.").

In sum, Plaintiff's attempt to supplement the operative Complaint by filing the "Amendment to Complaint" is ineffective and, even if it were considered, the proposed claims are legally defective and subject to dismissal without leave to amend.

## II. Standing to Assert Claims on THI's Behalf

As previously noted, the Court dismissed all claims brought by or on behalf of THI in this action because THI was not represented by licensed counsel. Dismissal was without prejudice, both to allow THI to refile its claims with the assistance of an attorney, and to allow Plaintiff to bring any other claims seeking to vindicate his own rights. *See* Feb. 2023 Order ("If O'Neill wishes to pursue this action pro se, he may

file an amended complaint presenting claims brought on his own behalf and without those claims brought by the Habitat Institute."). ECF No. 6.

The SAC is substantively identical to the original Complaint, except that references to THI have been removed and, in places, references to Plaintiff have been inserted in place of THI. *Compare, e.g.,* Compl. 16 ("Making this assertion is a further infringement of our copyrights by plagiarism. Thereby taking credit for the Institute's work.") *with* SAC 18 ("Making this assertion is a further infringement of copyrights by plagiarism. Thereby taking credit for others' work.") *and* Compl. 37 ("The Habitat Institute has made numerous attempts to resolve these issues over the years which are documented in emails, letters, and phone calls.") *with* SAC 38 ("The Plaintiff has made numerous attempts to resolve these issues over the years which are documented in emails, letters, and phone calls."). This substitution goes so far as to change communications made on behalf of THI to make them appear as if they were made on behalf of Plaintiff personally. *Compare* Compl. 32 *and* SAC Ex. C2, at 2 ("The Habitat Institute agrees to make said changes.") *with* SAC 34 ("The [Plaintiff] agrees to make said changes." (alteration in original)).

Substantively, however, the claims are unaltered except for the identity of the party asserting them. For example, where the original Complaint alleges that Defendants breached a contract with THI, the SAC alleges that Defendants breached a contract with Plaintiff. *Compare* Compl. 16 ("The USACE Environmental Division Staff be allowed [sic] to their written and verbal agreement with the Institute. USACE staff was cause being dishonest to the Institute…") *with* SAC 18 ("Will the

USACE Environmental Division staff be held to their written and verbal agreement with the Plaintiff? USACE staff was caught being dishonest to the Plaintiff…"). The facts supporting these claims relate to THI, rather than Plaintiff personally, which is borne out by the Exhibits to the Complaint. *See, e.g.,* SAC Ex. C1 (In a letter from Plaintiff to Defendant Clifford "I can assure you this is not what *the Institute* was agreeing to in meeting the Corps needs on July 20, 2018 that we would be in the exact same position we were a year ago."); SAC Ex. C2, at 1 (in a letter from Plaintiff, as Director of THI, to Clifford "Our agreement, which the Corps agreed to, clearly states we would be paid and since *the Institute* has been in an on-call status, we believe we should be paid…"); SAC Ex. C2, at 2 (In an email from Plaintiff to Clifford "*The Habitat Institute* agrees to make said changes . . . and it's agreed upon *that THI would be paid* for this work.") (emphasis added).

In sum, these are not Plaintiff's personal claims—they are THI's claims, which Plaintiff initially brought on behalf of THI. Plaintiff simply substituted himself in place of THI when the Court ruled that THI could not appear except through a licensed attorney. This is impermissible—Plaintiff and THI are distinct entities and are not legally interchangeable. Plaintiff cannot evade this fact by the expedient of amending his complaint to swamp himself for THI. *See Ritchie v. Staton by and through Multnomah Cnty. Sheriff's Office*, Civ. No. 03:17-CV-00844-AC, 2018 WL 2276241, at *8 (D. Or. Mar. 28, 2018) (denying leave to amend because, to cure the defects identified in the complaint, "would require [the plaintiff] to amend his

complaint with facts directly contrary to those he pleaded in his first two complaints.").

Plaintiff lacks standing to pursue claims on behalf of THI. As the Supreme Court had held "the plaintiff generally must assert his own legal right and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian Coll. v. American United for Separation of Church and State, Inc.*, 454 U.S. 464, 474 (1982) (internal quotation marks and citation omitted). Lack of standing justifies dismissal of Plaintiff's claims and so Defendants' Motion to Dismiss will be granted. Because Plaintiff lacks standing, the Court need not reach Defendants Rule 12(b)(6) arguments concerning defects in the pleading of Plaintiff's claims. However, Defendants have raised additional issues of jurisdiction with regard to service and with Plaintiff's patent infringement and contract claims. The Court concludes that those issues ought to be addressed to head off any further litigation of this matter in the wrong courts.

## III. Patent Infringement

Plaintiff alleges that the USACE's habitat evaluation model for the East San Pedro Bay Ecosystem Restoration Study in Long Beach, California infringes the '531 Patent. SAC 20-21.

Plaintiff seeks to bring this case pursuant to 35 U.S.C. § 271. However, § 271 does not waive the Government's sovereign immunity for patent infringement. Waiver of sovereign immunity is instead to be found in 28 U.S.C. § 1498(a), which provides:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture . . .
>
> For purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

28 U.S.C. § 1498(a).

The Supreme Court has explained that the purpose of § 1498(a) is "to limit the owner of the patent and his assigns and all claiming through or under him to suit against the United States in the Court of Claims[.]" *Richmond Screw Anchor Co. v. United States*, 275 U.S. 331, 343 (1928). Courts have held that § 1498 "provides the only avenue for a patent owner to bring an action against the government for patent infringement." *Golden v. United States*, 955 F.3d 981, 987 (Fed. Cir. 2020). As a result, this Court is without jurisdiction to hear Plaintiff's claim for patent infringement, as that jurisdiction rests exclusively with the Court of Federal Claims. *See FastShip, LLC v. United States*, 131 Fed. Cl. 592, 607 (2017) ("Pursuant to 28 U.S.C. § 1498(a), the United States has waived sovereign immunity and vested in this court [the Court of Federal Claims] exclusive jurisdiction to adjudicate patent infringement claims against the federal government[.]").

Plaintiff asserts that this Court may exercise jurisdiction over his patent infringement claims based on federal question jurisdiction, citing 28 U.S.C. § 1338.

That statute confers original jurisdiction on district courts for civil actions relating to patents, trademarks, and copyrights and divests the state courts jurisdiction over the same. 28 U.S.C. § 1338(a). However, this grant of jurisdiction is *not* a waiver of the sovereign immunity of the United States. *See O'Brien v. United States*, 18 F. Supp.2d 1356, 1358 (N.D. Ga. 1998) ("Sections 1331, 1332, and 1338 operate merely as grants of general jurisdiction and require an accompanying waiver of sovereign immunity . . . in order to bring suit against defendant United States, there must be some statute which provides a waiver of the federal government's sovereign immunity for each claim."). Here, as discussed in the preceding paragraph, the only such waiver for patent infringement claims is 28 U.S.C. 1498(a), which limits jurisdiction to the Court of Federal Claims.

Plaintiff's claim for patent infringement is therefore DISMISSED without prejudice for want of jurisdiction.

## IV. Breach of Contract

Plaintiff alleges that the USACE entered into a contract with THI and subsequently breached it.[3]

The Tucker Act gives the Court of Federal Claims jurisdiction "to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). An exception to this conferral of jurisdiction on the Court of Federal Claims may be found in the Little Tucker Act, which confers jurisdiction upon the district courts to hear a civil action

[3] As discussed, Plaintiff's attempts to re-allege that the contract was between himself and USACE are ineffective.

or claim against the United States for breach of an express or implied contract with the United States for a sum "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2). Here, Plaintiff seeks damages in the amount of $41,837,543.00, SAC 39, which is well in excess of the amount allowed under the Little Tucker Act. "The Court of Federal Claims possesses exclusive jurisdiction of claims arising under the Tucker Act in excess of $10,000." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927 (9th Cir. 2009).

In addition, Plaintiff's claims are subject to the Contract Disputes Act, which governs "express or implied contracts (including those of the nonappropriated fund activities described in section 1345 and 1491 of title 28) made by an executive agency" for the procurement of property or the procurement of services. 41 U.S.C. § 7102(a). The Little Tucker Act expressly deprives the district courts of jurisdiction to consider claims arising out of express or implied contracts with the United States that fall within the ambit of the Contract Disputes Act. 28 U.S.C. § 1346(a)(2).

Plaintiff asserts that this Court has jurisdiction over the breach of contract claim by virtue of diversity jurisdiction and supplemental jurisdiction by virtue of this Court's jurisdiction over the claim for negligence. Pl. Resp. 6-7, 9-10. ECF No. 37.

Federal diversity jurisdiction requires that all parties to an action be "citizens of different States" or aliens. 28 U.S.C. § 1332(a). However, federal agencies and instrumentalities are not citizens "of any particular state for diversity purposes." *Hancock v. Fed. Savings and Loan Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974); *see also*

*Sharr v. Dep't of Transp.*, 247 F. Supp.2d 1208, 1214 (D. Or. 2003) ("TSA, a federal agency, is not a 'citizen' of any state, and its presence as a defendant defeats diversity jurisdiction."); *Gaston v. Harris Cnty.*, No. 3:12-cv-00023-PK, 2012 WL 787202, at *2 (D. Or. Jan. 23, 2012) ("Neither the United States, federal agencies, nor federal officers sued in their official capacity qualify as 'citizens of different states.'"). As Defendants are, variously, agencies and instrumentalities of the federal government, they do not qualify as citizens of other states in order to confer diversity jurisdiction in this case.

As for supplemental jurisdiction, 28 U.S.C. § 1367(a) provides that courts may exercise supplemental jurisdiction over related claims except "as expressly provided otherwise by Federal statute." Here, as discussed above, federal statutes have expressly conferred jurisdiction for Plaintiff's breach of contract claim on a particular court, the Court of Federal Claims, and deprived this Court of jurisdiction to consider such claims. The exercise of supplemental jurisdiction is barred.

This Court therefore lacks jurisdiction to consider Plaintiff's claim for breach of contract.

## V. Lack of Personal Jurisdiction

Defendants move to dismiss this action pursuant to Rule 12(b)(5) for lack of personal jurisdiction based on a failure to properly serve Defendants. "Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 107 (1987) (internal

quotation marks and citation omitted, alterations normalized). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.*

Plaintiff has filed returns of service executed on the Defendants, each of which bears Plaintiff's signature and affirms that he personally served the named Defendant. ECF Nos. 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24. This is improper service, as Rule 4(c)(2) requires that service be performed by a person "who is at least 18 years old *and not a party*." Fed. R. Civ. P. 4(c)(2) (emphasis added). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974-75 (9th Cir. 2013) (internal quotation marks and citation omitted).

In an effort to demonstrate service of process, Plaintiff has submitted exhibits showing that the various Defendants received the mailing of the summons and complaint. Resp. Ex. B. This does not cure the defect in service in that it does not demonstrate that service was performed by someone other than Plaintiff. As this Court has previously observed: "A defendant's actual knowledge that a complaint was filed does not cure defects in service; service of process in accord with Rule 4 is still required." *Garcia v. Jones*, Civ. No. 6:22-cv-00118-AA, 2022 WL 2754853, at *4 (D. Or. July 14, 2022). "Additionally, the United States Supreme Court has held that the liberal reading granted to pro se pleadings does not extend to excusing the failure of pro se litigants to comply with clear procedural requirements." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). A failure to properly serve a defendant by

reason of service being done by the plaintiff themselves can justify dismissal of the claims. *Mecautea v. Oregon*, Case No. 3:19-cv-01864-MO, 2020 WL 1812012, at *2 (D. Or. April 9, 2020).

Here, the Court concludes that, in light of the other defects in standing and jurisdiction, the proper remedy is dismissal rather than quashing service.

## VI. Improper Venue

Defendants also move to dismiss this action for improper venue. Here, Plaintiff's claims are all linked by a common nucleus of operative fact. Am. Compl. 13 (Describing Plaintiff's APA claim and stating that "[t]he next three Claims are linked and support" the APA claim). When a plaintiff brings multiple claims, all claims that arise out of the same nucleus of operative fact should be considered one cause of action for venue purposes. *Almont Ambulatory Surgery Center, LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp.3d 1110, 1164 (C.D. Cal. April 10, 2015) (citing *Pacer Global Logistics, Inc. v. Nat'l Passenger R.R. Corp.*, 272 F. Supp.2d 784, 790-91 (E.D. Wis. 2003)).

Here, Plaintiff's claims for patent infringement and breach of contract must be brought in the Court of Federal Claims, as discussed in the previous sections. Because Plaintiff's APA claim and negligence claims share a common nucleus of fact with those claims, venue for those claims is proper in the Court of Federal Claims, rather than in the District of Oregon. In addition, as discussed in the previous section, Plaintiff lacks standing to assert the APA, contract, and negligence claims because Plaintiff is attempting to litigate them on behalf THI, rather than on his own

behalf. Dismissal of all claims is therefore proper. Dismissal will be without prejudice so that THI may, if it wishes, pursue its own claims with the assistance of counsel, and so that those claims, and any other claims that might be personal to Plaintiff, might be refiled in the Court of Federal Claims, which has exclusive jurisdiction over the patent and contract claims raised in this case.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 32, is GRANTED. This case is DISMISSED without prejudice but without further leave to amend in the District of Oregon. All other pending motions are DENIED as MOOT. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this 29th day of January 2024.

s/ Ann Aiken
ANN AIKEN
United States District Judge